Jerry Allen ENFIELD, By and Through His Conservator and Natural Mother, Mae ENFIELD, Plaintiff,

v.

PITMAN MANUFACTURING; Duluth Engineering & Mfg., Inc.; Pitman Engineering & Mfg., Inc.; A.B. Chance Company; Emerson Electric Company; Teague Equipment Company; and Independent Testing Laboratory, Defendants,

City of Goodland, Kansas, Intervenor.

No. 94–1423–JTM.

United States District Court, D. Kansas.

April 30, 1996.

David A. Hoffman and Donald W. Vasos, Shawnee Mission, KS and Carston C. Johannsen, Lenexa, KS, for plaintiff.

Eldon L. Boisseau and Anne Hull, Wichita, KS and Patrick W. Durick and Stephen D. Easton, Bismarck, ND, for intervenor; Emerson Electric; Pitman, Duluth Engineering; A.B. Chance.

Larry A. Withers, Wichita, KS, for Teague Equipment.

**188**

Daniel F. Church, Kansas City, KS, for Independent Testing.

### MEMORANDUM AND ORDER

MARTEN, District Judge.

Plaintiff Jerry Allen Enfield seeks damages from personal injuries allegedly caused when the boom on a Pitman Polecat digger derrick came loose and struck a utility pole, causing the pole to strike Enfield and result in his claimed injuries. Enfield alleges Independent Testing Laboratories (ITL) negligently inspected the Polecat. As a result, the Polecat was operated in an unsafe condition, causing the accident. ITL moves for summary judgment on the grounds of no breach of implied warranty and no showing of causation.

#### I. *Summary Judgment Standard.*

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The initial burden is on the moving party to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

Once the initial showing has been made, the burden shifts to the nonmoving party to designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. When determining whether there is a material issue of fact, the nonmoving party's evidence is to be believed; all justifiable inferences are to be drawn in its favor; and its nonconclusory version of any disputed issue of fact is assumed to be correct. *Multistate Legal Studies, Inc. v. Harcourt Brace Publ., Inc.*, 63 F.3d 1540, 1545 (10th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 702, 133 L.Ed.2d 659 (1996).

#### II. *Analysis.*

Kansas law applies to this case because the alleged negligence occurred in Kansas. *See Tinkler v. United States by F.A.A.*, 982 F.2d 1456, 1466 (10th Cir.1992). In Kansas, a plaintiff must allege and prove the following four elements to sustain a negligence cause of action: (1) plaintiff is owed a duty by defendant; (2) defendant breached the duty; (3) plaintiff sustained damages; (4) damages were proximately caused by the breach. *P.W. v. Kansas Dept. of Soc. & Rehab. Serv.*, 255 Kan. 827, 831, 877 P.2d 430 (1994); *Calwell v. Hassan*, 21 Kan.App.2d 729, 908 P.2d 184, 190 (1995), *rev. granted,* Nos. 72,817 & 73,062 (Kan. Mar. 15, 1996). The existence of a duty is a question of law. *P.W.*, 255 Kan. at 831, 877 P.2d 430. Breach and causation issues are questions of fact. *Calwell*, 21 Kan.App.2d at 735, 908 P.2d 184.

ITL claims Enfield has failed to allege facts showing a breach of the duty and causation. The parties concede that ITL owed a duty to Enfield and Enfield can establish damages.

An examination of the duty owed is necessary to consider the question of breach. Under Kansas law, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner. Kansas liberally imposes an implied warranty of workmanlike performance in agreements calling for the performance of work or skill. *Zenda Grain & Supply Co. v. Farmland Industries, Inc.*, 20 Kan.App.2d 728, 738–39, 894 P.2d 881 (1995), *rev. denied,* —— Kan. —— (1995). A remedy for failure to perform services in a workmanlike manner may be sought under a theory of negligence. *Zenda Grain*, 20 Kan. App.2d at 739, 894 P.2d 881. This duty is owed to third persons as well: "'One who undertakes to render services to another which he should recognize as necessary for the protection of a third person is liable to the third person for harm resulting from his failure to exercise reasonable care.'" *Calwell*, 21 Kan.App.2d at 742, 908 P.2d 184 (quoting *Schmeck v. City of Shawnee*, 232 Kan. 11, 651 P.2d 585 (1982)).

In his response to the summary judgment motion, Enfield cited to evidence in the record indicating the purpose of the inspection contract between ITL and the City of Goodland was to ensure that the Polecat was a

safe work platform, including the testimony of an ITL official. Under *Zenda Grain* and *Calwell*, ITL owed a duty to Enfield to conduct the inspection in a workmanlike manner and to use reasonable care to ensure the Polecat was a safe work platform.

ITL claims Enfield has not presented any evidence of a breach. ITL argues its contract did not call for inspection of the bolts securing the boom and such an inspection was not necessary. Enfield presented evidence the contract's purpose was to ensure the Polecat was a safe work platform and the contract did not specify any specific areas for inspection. Enfield submitted an affidavit from an expert witness that a proper inspection of the Polecat would have included nondestructive acoustic emissions and ultrasonic testing of the bolts securing the boom to the Polecat, and that ITL had the capability to conduct these tests. Enfield cited national standards calling for the inspection of the bolts, standards that an ITL official said were applicable to the inspection. Finally, Enfield cited deposition testimony and the inspection report prepared by ITL, which indicated the bolts were not inspected. Enfield has presented evidence from which a reasonable factfinder could conclude ITL breached its duty to conduct the inspection in a workmanlike manner and to use reasonable care, because it failed to properly inspect the bolts.

Next, ITL claims Enfield has presented no evidence to establish causation. Enfield submitted the affidavit of an expert witness that proper testing would have discovered cracks in the bolts. The evidence indicates the city acted promptly to repair other defects cited by ITL in its report. ITL did not cite cracks in the bolts as a defect. Finally, there is deposition testimony indicating the boom may have fallen when bolts securing the boom broke. This is evidence from which a reasonable factfinder could find that if ITL had properly inspected the Polecat, it would have discovered defective bolts, the city would have corrected the problem, and the accident would not have occurred.

In its reply brief, ITL makes a few assertions that can be quickly addressed. First, ITL asserts it is undisputed that bolts had broken on occasion when the Polecat was used to pull utility poles prior to the inspection and accident. Even if accepted as uncontroverted, this only establishes that other parties may be partially at fault as well as ITL. It does not absolve ITL of any liability it has relating to the accident. Because ITL does not allege bolt breakages between the time of the inspection and the accident, no break in the chain of causation is shown either.

Next, ITL asserts it is undisputed that it was never notified bolts had broken when the Polecat was used to remove utility poles. The expert testimony that ITL should have inspected the bolts was not premised on ITL being notified of prior breakages. Next, ITL cites to facts in the record and submits an affidavit from an expert witness indicating the inspection was carried out properly and would have revealed any defects in the bolts. This evidence raises a material question of fact as to breach and causation. But ITL must show the *absence* of a material issue of fact, not the existence of one, to prevail on a motion for summary judgment. *See Multistate Legal Studies*, 63 F.3d at 1548–49 (where sufficient evidence is presented to raise a triable issue of fact, summary judgment is premature); *Calwell*, 21 Kan.App.2d at 749, 908 P.2d 184 ("a disputed issue of causation ... is properly a question for the trier of fact").

Finally, ITL urges an interpretation of Enfield's expert witness affidavit which supports its position that proper testing was conducted. All reasonable inferences must be drawn in Enfield's favor, not ITL's. A reasonable inference of the affidavit is that proper testing was not conducted.

Because Enfield has cited substantial evidence which supports all four elements of a claim of negligence under Kansas law, ITL's motion for summary judgment (Dkt. No. 114) is denied. Enfield's motion to strike the affidavit of Timothy Fowler, ITL's expert witness, or in the alternative, motion for opportunity to respond is denied as being moot. ITL's motion to strike Enfield's duplicative responses to the motion for summary

judgment (Dkt. No. 163) is also considered moot and therefore denied.

IT IS SO ORDERED.